■ ABE JACOVSKY et al., Respondents, v. LEONARD PROSCERO, Defendant, and A. J. BELL Co., Appellant.— In a negligence action to recover damages for personal injury, etc., the defendant A. J. Bell Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated May 20, 1964, as, in granting plaintiffs' motion to settle a typewritten transcript of the stenographic minutes of the trial (for the purpose of an appeal to this court from a judgment dismissing the complaint at the close of the case after a jury trial), authorized the abridgement of the transcript by omitting the medical testimony of the doctor. Order, insofar as appealed from, reversed, without costs; plaintiffs' motion insofar as it seeks such abridgement of the transcript denied; and transcript directed to be settled by including therein all the testimony adduced at the trial (see *Perry* v. *Tauro*, 21 A D 2d 804, and cases therein cited). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESTER MAIZE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 29, 1963 after a jury trial, convicting him of criminally buying and receiving and criminally concealing and withholding stolen property, both as misdemeanors, and imposing sentence. Judgment reversed on the law and the facts; indictment dismissed; defendant discharged, and bail exonerated. The District Attorney recommends reversal and dismissal of the indictment. We agree that there was a critical failure of proof and that the conviction cannot stand. The defendant was arrested some three or four days after an alleged burglary. In his possession were found a blank check bearing the printed name of a Mr. Goshman, and a wrist watch. Mr. Goshman had never reported the burglary. But when the police telephoned him after they had apprehended and searched the defendant incident to another charge, Goshman went to the police precinct and told the police of the burglary. Although Goshman saw the wrist watch at that time, he did not identify it as his until another four days had passed. There was no direct evidence that defendant knew that any of the items which he possessed were stolen; and, in our opinion under the facts of this case, his presumed innocence will not permit any indulgence of an inference or a finding of guilt arising out of recent possession of the fruits of a crime. The mere coincidence of simultaneous possession of the blank check and the wrist watch by the defendant is not enough. Moreover, the proof disclosed that the wrist watch had been pawned by defendant seven days *before* the alleged burglary. The pawnbroker not only testified to this fact, but he also produced his records in support thereof. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.